August Gramenz, Appellant, v. C. A. Brown et al., Appellees.

**VENDOR AND PURCHASER:** Rescission of Contract—Fraudulent Representations. Evidence held insufficient to justify rescission of contract of purchase, on the ground of fraudulent representations.

*Appeal from Webster District Court.*—H. E. FRY, Judge.

MARCH 14, 1922.

REHEARING DENIED SEPTEMBER 23, 1922.

SUIT in equity, to rescind a contract for the purchase and sale of land, the plaintiff being the vendee, on the ground of fraudulent representations. There was a trial on the merits, and a decree dismissing the petition. The plaintiff appeals.— *Affirmed.*

*H. W. Stowe,* for appellant.

*Healy, Thomas & Healy,* for appellees.

EVANS, J.—The plaintiff charges that, on May 7, 1920, he was induced to enter into a contract of purchase of a certain farm of 240 acres, by false and fraudulent representations. Such representations were the following: (1) That the farm in question was located within six miles and a half from Nashua as its market town; (2) that a good graveled road extended from such farm to said town of Nashua.

It is charged that each of such representations was false, in that the distance from the farm to Nashua was 10¾ miles, and in that the highway connecting the two points was not a graveled road, and was not reasonably passable. The defense was a general denial and an averment, in legal effect, that such representations as were actually made by the defendants were substantially true. The representations charged, if made, were so made, not by the defendants, but by Allen, the real estate

agent who negotiated the contract of sale. All the parties to the case, including Allen, were residents of Webster County. The farm was located in Chickasaw County. All the preliminary negotiations were had by the plaintiff and Allen. At the time these negotiations were initiated, and when the first representations of distance were made by Allen, neither Allen nor the plaintiff had ever been in the town of Nashua; nor had either of them been upon the farm in question, nor upon the roads leading out of Nashua toward the farm. It is conceded that, in these first negotiations, Allen did represent to the plaintiff that the farm was located about 6½ miles from Nashua. This statement was based solely upon his observations of a map to which he had access. Plaintiff and Allen went to see the farm together. For such purpose they took a Chicago Great Western train at Fort Dodge for Waverly. The farm is located almost due north and slightly east of the town of Waverly, and about 18 miles distant therefrom. This distance was covered by automobile. Nashua lies several miles to the west of such line of travel. The parties did not go to Nashua, but returned to Waverly by the same route. In a real estate office at Waverly they examined the maps. Allen claims to have discovered here at this time, or shortly thereafter, that he was mistaken in his estimate of distance, and says that he immediately advised the plaintiff of such mistake, and advised him that the actual distance was nearer 7½ miles, and that plaintiff responded, in effect, that a little difference in distance was not material.

It appears that Nashua is located, in the main, upon the west one half of Section 17, Chickasaw Township. The north and south center line of Section 17 is the eastern boundary of the corporation. The farm in question is the east three fourths of the south one half of Section 21, in Dayton Township, which adjoins Chickasaw Township on the east. Along the north line of Section 21 is a highway, which runs west into Nashua, and is known in the record as the Republic Road. The nearest point in the town of Nashua to the farm in question is upon this road, and lies due west from the northeast corner of such Section 21. Such section corner is one-half mile north of the buildings upon the farm, such buildings being located upon the east line of the farm, and such east line being three fourths of a mile farther

from Nashua than the west line thereof. Parallel with the Republic Road and one mile north thereof runs another highway, known as the State Road, and as the North Iowa Pike. This road is largely graveled, and is the better of the two roads, and is used in times of bad weather. The distance from the farm to Nashua over the latter road is necessarily two miles farther than over the Republic Road.

The argument for appellant is predicated here upon the assumption that Allen represented the distance from the farm to Nashua over the graveled road to be only 6½ miles, whereas the actual distance is more than 10 miles. This assumption in argument presents a material departure from the evidence of the plaintiff himself, to which we must advert. The contention for defendants is that the final representation made by Allen to the plaintiff was that the distance was nearer 7½ miles than 6½; that the actual distance between the northwest corner of the farm as its nearest point and the southeast corner of Nashua as its nearest point was not in excess of 7½ miles; that the actual distance from the driveway of the house on the east line of the farm to the nearest point in Nashua was almost exactly 8½ miles. This distance was proved by a professional surveyor, who ran his chain over the whole course.

We now go to the testimony of the plaintiff, to get his version of the actual representations made. Quoting from appellant's abstract, we find the following, as plaintiff's version of what Allen said:

"He said it ain't quite six miles and a half from Nashua *on that road. Half a mile north* of my place was a good road, straight into Nashua. He said that *a mile north from that road* was a good gravel road that you could travel at any time during the year. He said that was a good gravel road; that you could travel that at any time during the year; and that it was a good gravel road. I don't remember of him saying that about the first road one-half mile north of the farm; and as to the condition of the road running north from the farm to the graveled road, I don't know as he said anything much about that."

It will be noted from the foregoing that the statement of distance by Allen was predicated upon the Republic Road, lying a half mile north of the farm, and not upon the State Road, lying

a mile farther north. It will be noted also that the statement as to the graveled road had reference to the State Road, and not to the Republic Road. Appellant's argument has overlooked these distinctions.

One further feature of appellant's evidence is to be noted. Allen having testified, as already indicated, that he had corrected his original statement of distance, and had informed the plaintiff that the distance was nearer 7½ miles, the following was the plaintiff's response as a witness to such testimony:

"Before we went up to sign the contract in the Snell Building, in Brown's store, Mr. Allen called me to one side, and he said he made a mistake; it was a little over six miles and a half to the farm. It was there in the store that Mr. Allen took me to one side, told me that he made a mistake about that distance, and that it was a little over six miles and a half. He told me that he looked on the map, and he said it was a little further than six miles and a half. I told him that a little further or a trifle further did not make much difference. Q. Did you ask him about how much further it was? A. No, sir. Q. Did you ask him when he checked it on the map, or looked at the map? A. No, sir, I wasn't there when he did that. Q. How much further did you have in mind, when you made that answer? A. I took it to be a quarter or half a mile farther,—not over that. Q. Then you had in mind that it was not to exceed over seven to town? A. Yes, sir. Q. Did you ever check it yourself on the map? A. I looked it over,—yes, sir."

It will be seen from the foregoing that the original statement made by Allen was corrected, to some extent at least; that the plaintiff himself looked at the map; that the approximate distance was manifest upon the map; and that approximation was all that plaintiff asked. It must be said, therefore, that the representation actually made was approximately true. The other false representation charged relates to the condition of the gravel road. The claim is that the State Road was not, in fact, a good road, and was not, in a fair sense, a graveled road. There was a time after the contract had been entered into when a part of the road washed out, and was impassable until repaired. The weight of the evidence is that a part of this road was over sandy soil, which had no need of gravel, and that the rest of the road

had been graveled. That it could have been further improved by still more gravel is conceded. It is not claimed that any attempt had been made, in graveling the same, to comply with the specifications of the highway commission. Neither does it appear in what respect, if any, it failed to comply with such specifications, nor does it appear in this record what such specifications in fact are. We think that, within the fair meaning of the statement made by Allen, and of the understanding of the plaintiff, the road in question was a graveled road. The Republic Road was not graveled, nor was it represented to be so. It was a good road in dry weather and a muddy one in wet weather. This is only saying that it was a normal dirt road.

We are constrained, therefore, to agree with the conclusions of the trial court, and to sustain its finding. The decree entered below is, therefore,—*Affirmed.*

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.